## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 14-20045-JAR |
| | ) | |
| SAJJAD CHAUDHRY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion for Temporary Release (Doc. 116) pursuant

to 28 U.S.C. § 3622 filed by defendant Sajjad Chaudhry.  Defendant is currently incarcerated at

FCI Texarkana, Texarkana, Texas.  In his motion, Defendant requests this Court to order the

Bureau of Prisons ("BOP") to temporarily release him so that he may have a contact visit with

his baby daughter, who is seriously ill and awaiting a kidney transplant.

28 U.S.C. § 3622 states in relevant part:

> The Bureau of Prisons may release a prisoner from the place of his
> imprisonment for a limited period if such release appears to be
> consistent with the purpose for which the sentence was imposed
> and any pertinent policy statement issued by the Sentencing
> Commission pursuant to 28 U.S.C. 994(a)(2), if such release
> otherwise appears to be consistent with the public interest and if
> there is reasonable cause to believe that a prisoner will honor the
> trust to be imposed in him, by authorizing him, under prescribed
> conditions, to—
>
> (a) visit a designated place for a period not to exceed thirty days,
> and then return to the same or another facility, for the purpose of—
>
> (1) visiting a relative who is dying.[1]

The Tenth Circuit has held that § 3622 was clear in giving authority to grant a temporary

---

[1] 28 U.S.C. § 3622(a)(1).

release under the statute to the BOP.[2]  The court further noted that, "[n]umerous courts have

agreed that this provision gives authority over temporary-release decisions 'to the Bureau of

Prisons, not the federal courts.'"[3] The court determined that it was up to the BOP to determine in

its discretion whether the petitioner should be granted a temporary release under § 3622.[4]

Accordingly, because the BOP is vested with authority to act with respect to a prisoner's

temporary release, the Court must deny Defendant's request.  Although the Court is sympathetic

to Defendant's desire to visit his daughter, it does not have jurisdiction or authority to act on his

request, which should be directed to the BOP.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

Temporary Release (Doc. 116) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 12, 2016

    S/ Julie A. Robinson
    JULIE A. ROBINSON
    UNITED STATES DISTRICT JUDGE

---

[2]*In re Radcliff*, No. 12-1444, 2012 WL 5974172, at *1 (10th Cir. Nov. 28, 2012) (denying petitioner's petition for writ of mandamus).

[3]*Id.* (citing *United States v. Premachandra*, 78 F.3d 589 (8th Cir. Mar. 8, 1996) (per curiam) (unpublished); *United States v. Clark*, No. CR 10-50015-02-JLV, 2012 WL 4324910, at *1 (D.S.D. Sept. 20, 2012); *United States v. Padilla*, No. CR 09-3598-JB, 2012 WL 2175749, at *3 (D.N.M. May 31, 2012)).

[4]*See id.*